O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO QUEZADA,<br><br>    Plaintiff,<br><br>    v.<br><br>Warden D.B. LONG, et al,<br><br>    Defendants. | NO. EDCV 15-613-VBF (MAN)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

On March 31, 2015, plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

Congress has mandated that courts perform an initial screening of civil rights actions brought by prisoners with respect to prison conditions and/or that seek redress from a governmental entity or officer or employee of a governmental entity. The Court "shall" dismiss a prisoner civil rights action if the Court concludes that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from suit. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).

In screening a *pro se* civil rights complaint, the Court must construe its allegations liberally and must afford the plaintiff the benefit of any doubt. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). The standard applicable on screening is the standard for failure to state a claim

under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id*. The complaint need not contain detailed factual allegations, but must contain sufficient factual matter to state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). If a complaint is dismissed, a *pro se* litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Weilburg v. Shapiro, 488 F.2d 1202, 1205 (9th Cir. 2007); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff is an inmate at Ironwood State Prison ("Ironwood"). Defendants are: N. McDowell, the current Warden of Ironwood; D.B. Long, the former Warden of Ironwood; and Michelle Mayer, described as "lead legal counsel" for the California Department of Corrections and Rehabilitation ("CDCR").

Plaintiff alleges that he is a practicing Orthodox Jew, having formally converted on February 4, 2014, although he has been complying with kosher dietary restrictions since 2011. Plaintiff's claims arise out of the prison's refusal to allow him to take his religious meals out of the dining hall to his cell, so that he can perform ritual washing of hands and recitation of prayers before eating. The prison prohibits the removal of meals from the dining room under Cal. Code Regs., tit. 15, § 3055, which provides, in pertinent part: "Inmates shall not remove any food from the dining room, kitchen, or food storage areas, except as specifically authorized by facility staff." Warden Long and later Warden McDowell have refused to grant plaintiff a religious exemption from this policy. Plaintiff sent a letter to Michelle Mayer at the Legal Affairs Department in Sacramento describing the situation and requesting that she take remedial action, but she merely forwarded the letter to Ironwood Associate Warden Smith for response.

Plaintiff asserts claims against Long, McDowell, and Mayer under the free exercise of

1 religion clause of the First Amendment, the Religious Land Use and Institutionalized Persons Act
2 ("RLUIPA"), and the equal protection clause of the Fourteenth Amendment. Plaintiff's equal
3 protection claim is based on allegations that a diabetic inmate has been allowed to take meals
4 out of the dining room for medical reasons.

6 In addition to damages, plaintiff seeks injunctive relief permitting him and other Jewish
7 inmates to remove their religious meals from the dining room to eat in their cells, ordering
8 sensitivity training for Ironwood officials, and directing Ironwood to hire a rabbi.

## DISCUSSION

At this early stage, the Complaint withstands screening with respect to the First Amendment and RLUIPA claims against defendants Long and McDowell. The Complaint must nevertheless be dismissed for the following reasons: (1) plaintiff fails to state a claim against defendant Mayer; and (2) plaintiff fails to state an equal protection claim against any defendant.

**A.  Plaintiff Fails To State A Claim Against Defendant Mayer.**

Plaintiff alleges that defendant Mayer is an attorney employed at the CDCR Legal Affairs Department in Sacramento. Plaintiff sent her a letter, dated January 23, 2014, regarding the prison's refusal to allow him to take his religious meals out of the dining room. He requested that she take steps to end this policy and advised her that, if this was not done, he would initiate litigation. (Complaint ¶¶ 16-20 at , Ex. 4.) On March 12, 2014, plaintiff received a response to his letter from Ironwood Associate Warden Smith. According to Smith's letter, the Office of Legal Affairs had forwarded plaintiff's letter to Ironwood officials for response. (Complaint ¶ 21, Ex. 4.)

Plaintiff contends that Mayer is "lead counsel for CDCR" and is "responsible for curtailing

all possible litigations and constitutional deprivations within California's [p]rison system." He contends that his letter placed Mayer on notice of the continuing deprivations of his First Amendment rights, and that she had failed to make any attempt to rectify the situation and, instead, acquiesced in the deprivations. (Complaint ¶¶ 22-23.)

"Liability under § 1983 must be based on the personal involvement of the defendant." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). A person deprives another of a constitutional right when that person "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44. The inquiry into causation must be individualized and must focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Plaintiff seeks to hold Mayer liable for the continuing refusal of Ironwood prison officials to allow him to take his religious meals out of the dining room. However, the record is devoid of allegations suggesting that it was within Mayer's authority and responsibilities as CDCR legal counsel to rescind the Ironwood policy prohibiting meals being taken out of the dining room, based on no more than a letter from an inmate requesting a religious exemption from this policy. In fact, plaintiff's allegations suggest that Mayer acted appropriately by promptly forwarding plaintiff's letter to Ironwood authorities for response. Plaintiff has not alleged any acts or omissions on Mayer's part that could be a basis for holding her liable. See Iqbal, 129 S. Ct. at 1949 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct").

Accordingly, plaintiff's claims against defendant Mayer must be dismissed.

**B.     Plaintiff Fails To State An Equal Protection Claim.**

Petitioner contends that the refusal to allow him to take meals out of the dining hall for religious reasons violates the Equal Protection Clause, because at least one diabetic inmate was granted permission to take meals out for medical reasons. (Complaint ¶¶ 48-52.) He asserts this claim against Long and McDowell.

The Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 105 S. Ct. 3249, 3254 (1985).  Here, plaintiff complains that a diabetic inmate was allowed to remove his meals from the dining room, whereas he and other Orthodox Jewish inmates seeking to do so for religious reasons were denied permission. (Complaint ¶ 50.) Plaintiff is not similarly situated to inmates who were granted exemptions from the challenged policy on medical grounds.  See, e.g., Ali v. Quarterman, 434 Fed. Appx. 322, 325 (5th Cir., Jul. 18, 2011) ("An inmate claiming a religious exemption from the [prison] grooming policy is not, by definition, similarly situated to inmates receiving a medical exemption from the grooming policy."); Shabazz v. Johnson, No. 3:12CV282, 2015 WL 789200, *15 (E.D. Va., Feb. 24, 2015) ("Shabazz again fails to demonstrate that as an inmate seeking a religious diet he is similarly situated to inmates who require certain diets for medical conditions.").  "The Constitution does not require things which are different in fact or opinion to be treated in law as though they were the same." Tigner v. Texas, 60 S. Ct. 879, 882 (1940).  Plaintiff, therefore, has failed to state an equal protection claim.

Accordingly, plaintiff's equal protection claim must be dismissed.

# CONCLUSION

For the foregoing reasons, the Complaint is dismissed with leave to amend. If plaintiff wishes to pursue this action, he is granted 30 days from the date of this Memorandum and Order within which to file a First Amended Complaint that attempts to cure the defects in the Complaint described herein. The First Amended Complaint, if any, shall be complete in and of itself. It shall not refer in any manner to the original Complaint.

**Plaintiff is explicitly cautioned that his failure to timely file a First Amended Complaint, or failure to correct the deficiencies described herein, may result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).**

DATED: May 11, 2014

_/s/ Margaret A. Nagle_
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE