UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ALVARO QUEZADA,**<br>**Plaintiff,**<br><br>v.<br><br>D.B. LONG (Warden) and<br>N. MCDOWELL (Warden, successor),<br><br>Defendants. | No. ED CV 15-00613-VBF-KS<br><br>ORDER<br><br>Adopting the Report & Recommendation;<br><br>Dismissing Second Amended Complaint Without Prejudice;<br><br>Permitting Plaintiff to File Third Amended Complaint By Friday, August 19, 2016 |

_____

This is an action for a Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. section 2254. Pursuant to her authority under Fed. R. Civ. P. 72(b)(1), title 28 U.S.C. section 636(b)(1)(B), and C.D. Cal. Local Civil Rule 72-3.3, the United States Magistrate Judge issued a Report and Recommendation ("R&R") on May 2, 2016. *See* Case Management / Electronic Case Filing System Document ("Doc") Doc 58. The R&R recommends that the second amended complaint be dismissed without prejudice for failure to state a claim on which relief could be granted, and that plaintiff be granted leave to further amend the complaint by a date certain.

Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed the second amended complaint (Doc 66), the Magistrate Judge's R&R (Doc 58), and the applicable law.

Plaintiff has not filed written objections to the R&R within the time allotted by our

Local Civil Rule 72-3.4[1], nor has he sought an extension of the objection deadline. Accordingly, the Court proceeds to the issues without waiting further.

By its terms, Federal Rule of Civil Procedure 72(b)(3) requires a District Judge to conduct de novo review only of those portions of an R&R to which a party has filed timely specific objection. *See, e.g., Rael v. Foulk*, No. LA CV 14-02987 Doc. 47, 2015 WL 4111295, *1 (C.D. Cal. July 7, 2015) (Fairbank, J.) ("As required by Fed. R. Civ. P. 72(b)(3), the Court has engaged in de novo review of the portions of the R&R to which petitioner has specifically objected . . . ."), *COA denied*, No. LA CV 14-02987 Doc. 53, Appeal No. 15-56205 (9th Cir. Feb. 18, 2016).

**Conversely, the Ninth Circuit has held that absent a timely objection purporting to identify specific defects in the R&R, the District Judge has no obligation to review the R&R at all.** *See Beard v. Nooth*, 2013 WL 3934188, *1 (D. Or. July 30, 2013) ("For those portions of a magistrate's findings and recommendations to which neither party has objected, the [Federal Magistrates] Act does not prescribe any standard of review.") (citing *Thomas v. Arn*, 474 U.S. 140, 152, 106 S. Ct. 466, 473 (1985) ("There is no indication that Congress, in enacting [the Federal Magistrates Act], intended to require a district judge to review a magistrate's report.[.]") and *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (district judge must review a magistrate's findings and recommendations de novo if objections are made, "but not otherwise")); *see, e.g., Herring v. Maricopa County*

---

[1] Both Fed. R. Civ. P. 72(b)(2) and 28 U.S.C. section 636(b)(1) provide that a party may file written objections to an R&R within fourteen days after being served with the R&R. Our Local Civil Rule 72-3.3, however, provides that "[i]f a party is in custody at the time of the filing of the Magistrate Judge's Report, the time for filing objections under F.R. Civ. P. 72(b) shall be shall be twenty (20) days or such further time as the Magistrate Judge may order."

"Consistent with the Federal Rule governing Magistrate Judges and the Federal Magistrates Act, the Court construes that to mean twenty calendar days after the incarcerated party is *served with* the R&R, not merely twenty days after the R&R is filed on the docket." *Crump v. CSP-Los Angeles County's Maintenance-Plant Operations Dep't*, No. LA CV 15-07845, 2016 WL 1610593, *1 n.1 (C.D. Cal. Apr. 21, 2016) (Fairbank, J.).

1  *Sheriff's Office*, 2016 WL 2754851, *1 (D. Ariz. May 12, 2016) (Campbell, J.) ("No
2  objection has been filed, which relieves the Court of its obligation to review the R&R.")
3  (citing, *inter alia*, *Reyna-Tapia*, 328 F.3d at 1121, and *Thomas*, 474 U.S. at 149); *Hussak v.*
4  *Ryan*, 2016 WL 2606993, *1 (D. Ariz. May 6, 2016) (Rayes, J.) (same).[2]

5  "**Nonetheless, the Magistrates Act does not *preclude* a district judge from**
6  **reviewing an R&R to make sure that it recommends a legally permissible and**
7  **appropriate outcome (based on sound reasoning and valid precedent) if she chooses to**
8  **do so.**" *Juarez v. Katavich*, 2016 WL 2908238, *2 (C.D. Cal. May 17, 2016) (Fairbank, J.)
9  (citing *Beard*, 2013 WL 3934188 at *1 (although in the absence of objections no review is
10 required, the Magistrates Act "'does not preclude further review by the district judge[] *sua*
11 *sponte* . . . under a de novo or any other standard'") (quoting *Thomas*, 474 U.S. at 154)).
12 "'Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that [w]hen no
13 timely objection is filed, the Court review the magistrate's recommendations for clear error
14 on the face of the record.'" *Juarez*, 2016 WL 2908238 at *2 (quoting *Beard*, 2013 WL
15 3934188 at *1 (internal quotation marks omitted)).

16 **Out of an abundance of caution, then, the Court has reviewed the R&R. On**
17 **either clear-error or de novo review, the Court finds no defect of law, fact, or logic in**
18 **the R&R.** Therefore the Court will adopt the R&R and implement its recommendations.
19
20                                    ORDER
21      The Report and Recommendation **is ADOPTED**.
22      **The Second Amended Complaint [Doc #66] is DISMISSED without prejudice.**
23

---

[2]  *Cf. Smith v. Johnson*, 2012 WL 6726447, *1 (E.D. Ark. Dec. 27, 2012) ("No one has objected to Magistrate Judge H. David Young's Proposed Findings and Recommendations, Document No. 4. Having reviewed for clear errors of fact on the face of the record, Fed. R. Civ. P. 72(b) (Advisory Committee Notes to 1983 [Edition]), and for legal error, the Court adopts the proposal as modified: . . . ."), *judgment reversed on other grounds*, 779 F.3d 867 (8th Cir. 2015).

1    No later than Friday, August 19, 2016, plaintiff **MAY FILE** a Third Amended
2    Complaint that rectifies the deficiencies identified in the Report and Recommendation.
3    If plaintiff fails to file a Third Amended Complaint by that deadline, the Court will
4    convert the dismissal of his action from "without prejudice" to "with prejudice" on Friday,
5    September 2, 2016 without further opportunity for objection or argument.
6
7    The Court will <u>not</u> enter judgment at this time.
8
9
10   Dated:  Friday, July 8, 2016              _____
11                                              Valerie Baker Fairbank
12                                              Senior United States District Judge
13